FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
07/13/2022 04:24 PM
CV 2022 07 1192

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | |
|---|---|
| **KELLEY J. POHLMAN,** <br> 31 Crowthers Drive <br> Hamilton, OH 45013 <br><br> Plaintiff, <br><br> v. <br><br> **O'REILLY AUTO ENTERPRISES, LLC** <br> d/b/a **O'REILLY AUTO PARTS** <br> C/O CT Corporation System <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 <br><br> Defendant. | Case No. <br><br> Judge <br><br><br> **COMPLAINT** <br> **WITH JURY DEMAND** |

Plaintiff Kelley J. Pohlman, resident of the state of Ohio, states the following claims against Defendant O'Reilly Auto Enterprises, LLC d/b/a O'Reilly Auto Parts ("O'Reilly Auto Parts"):

## PARTIES

1. Plaintiff Kelley J. Pohlman is a resident and citizen of the state of Ohio.

2. Defendant O'Reilly Auto Parts is a corporation that owns, maintains, and operates multiple locations throughout the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant which transacts business in Ohio and has caused injury in Ohio.

4. This Court has subject matter jurisdiction over these claims.

5. This Court is a proper venue as Defendant conducted activity in Butler County, Ohio that gave rise to the claims in this Complaint.



EXHIBIT A

6. Plaintiff timely filed a Charge of Discrimination and Retaliation with the Ohio Civil Rights Commission and now timely files this Complaint.

## FACTUAL ALLEGATIONS

7. Plaintiff Kelley J. Pohlman ("Pohlman") is female.

8. Pohlman has over three decades of experience in the auto parts industry.

9. Pohlman was hired by Defendant on August 1, 2007 as a Parts Specialist. She was promoted to Assistant Manager in October of that year.

10. Pohlman performed very well during the early part of her career with Defendant.

11. Unfortunately, over the course of her employment with Defendant, Pohlman has been subjected to discrimination on the basis of her gender as well as retaliation.

12. In 2013, there was discussion about promoting Pohlman to a District Manager position. Pohlman discussed promotion to a District Manager position with her supervisor at the time, Tracy Banks. Banks believed she was qualified and could be the first female District Manager at the company.

13. Pohlman expressed interest in the promotion. She would continue to express interest in promotion to a District Manager position in the coming years.

14. Regional Manager, Jim Mills, Banks' direct supervisor, did not support promoting Pohlman despite her qualifications. In fact, he did not support promoting females generally and specifically said as much.

15. As a result, Pohlman was not promoted.

16. Over the course of a number of years, male peers were promoted to District Manager instead of Pohlman.

2

17. Defendant did not post positions. Instead, it just made promotional decisions and announced them.

18. This process deprived Pohlman of the ability to actively seek openings, apply and demonstrate why she should be promoted via an application process.

19. In March of 2018, Pohlman was transferred to the Super Hub location in Springdale after another male peer, Josh Ziegler, was promoted to District Manager.

20. Upon arriving at the location, Pohlman immediately recognized a number of signification issues at the store, including numerous past due employee evaluations, large scale employee theft, inventory issues, morale issues, and cash shortages.

21. Pohlman made it her priority to address these issues and she did so successfully. This resulted in increased employee morale at the location.

22. Pohlman worked long hours consistently.

23. Pohlman's work resulted in the Super Hub making $4 million in profits.

24. But Mills was critical of her performance.

25. Mills told Banks to write Pohlman up for anything and everything.

26. Pohlman was subjected to gender-based actions and comments.

27. Mills, in addition to having told Banks, among others, that he would not promote women over men, told Pohlman that he would not support her recommendation to promote another female. He specifically told Pohlman he did not support promoting women over men.

28. Mills minimized significant personal issues that Pohlman took some time off to address, including the death of her stepson and a physical attack on her daughter (who was also an employee).

29. He actually asked how long she would "milk" her time off before returning to work.

30. When Pohlman recommended a ramp be installed to help with deliveries, Mills said "what do you think, we're all a bunch of girls here?"

31. Pohlman was subjected to other gender biased comments, including that she was trying to sleep her way to the top and that she should be home taking care of her husband.

32. She was told by Mills that he had guys younger and sharper than her that could do the job.

33. Mills did support females as employees – just not as managers. Mills told Pohlman that she should hire "pretty, young girls" as drivers instead of older men.

34. At an annual conference in 2018, Pohlman became aware of other instances of gender discrimination at the company.

35. Another female Store Manager relayed to Pohlman her experiences with Mills, including being questioned about her ability to lead as a female. Mills told her he had doubts.

36. Pohlman suggested to this employee that she report, but she did not for fear of retaliation.

37. In March of 2020, Pohlman emailed Mills' supervisors a couple of times alleging gender discrimination and retaliation.

38. Banks submitted a lengthy statement supporting Pohlman's complaints.

39. Pohlman was told her complaint would be kept confidential.

40. This was not the case.

41. At that time, Rodney Franklin was Pohlman's District Manager and direct supervisor.

4

42. Mills directed Franklin to be hard on Pohlman.

43. Franklin did not provide support to Pohlman in similar fashion to the support provided to male managers.

44. This lack of support was exacerbated given that the global pandemic had just hit.

45. Pohlman was short on employees and had to pick up slack at her location.

46. Part of Franklin's duties as District Manager were to assist when stores were short staffed and to sign off on new hires. He did neither.

47. Pohlman was working seven-day weeks and sixteen hour days for several months.

48. On April 14, 2020, Pohlman emailed the HR employee in charge of investigating her complaint to check on the status of the investigation.

49. She was told to "focus on [her] people, not compliance."

50. During the investigatory period, Pohlman received her 2019 performance evaluation.

51. From 2007 to 2019, Pohlman had only ever received positive performance evaluations, rating her either meets expectations or exceeds expectations.

52. Pohlman's 2019 performance evaluation rating was needs improvement.

53. When Pohlman asked Franklin about the rating, she was told that Mills and Zieger directed a lower rating.

54. As a result, she did not receive her annual raise.

55. On May 21, 2020, Mills was forced to resign.

56. In October of 2020, Pohlman emailed Kristin Steele, the HR employee who had taken over the investigation.

57. Pohlman reiterated her concerns of gender discrimination and retaliation.

5

58. In November of 2020 Pohlman again reiterated her concerns.

59. Pohlman was rated needs improvement again for 2020 and 2021.

60. In February of 2021, Pohlman received her first ever corrective action.

61. On March 7, 2022, Banks resigned. At the time of his resignation, he expressed concern via email of ongoing discrimination and retaliation against Pohlman.

62. Banks expressed concern over: gender biased comments in the workplace, concern by superiors about having female employees holding certain roles (including in parts), Mills refusing to sign off on positive evaluations of Pohlman, among others.

63. Numerous male peers were promoted over Pohlman through the years.

64. The failure to promote Pohlman and the needs improvement ratings have significantly impacted Pohlman's compensation, including raises, bonuses and equity in the company.

## COUNT I

### Gender Discrimination – O.R.C. § 4112

65. Plaintiff incorporates in this Count all allegations listed above.

66. Plaintiff is a woman.

67. Plaintiff was at all relevant times fully qualified for her position.

68. Plaintiff was subjected to adverse employment actions, including, but not limited to, failure to promote, failure to appropriately compensate, unwarranted negative performance reviews, and unwarranted corrective actions.

69. As a result of Defendant's actions, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### Retaliation—O.R.C. § 4112

70.     Plaintiff incorporates in this Count all allegations listed above.

71.     Plaintiff engaged in protected activity by filing numerous complaints.

72.     Plaintiff was subjected to adverse employment actions, including, but not limited to, failure to promote, failure to appropriately compensate, unwarranted negative performance reviews, and unwarranted corrective actions.

73.     As a result of Defendant's actions, Plaintiff has suffered damages and is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

(a)     That Plaintiff be awarded all lost pay and benefits;

(b)     That Plaintiff be awarded compensatory damages;

(c)     That Plaintiff be awarded liquidated damages;

(d)     That Plaintiff be awarded punitive damages;

(e)     That Plaintiff be awarded pre-judgment and post-judgment interest;

(f)     That Plaintiff be awarded reasonable attorneys' fees and costs; and

(g)     That Plaintiff be awarded all other legal and equitable relief to which they may be entitled.

        Respectfully submitted,

        /s/ Jon B. Allison
        Jon B. Allison (0073955)
        FREKING MYERS & REUL LLC
        600 Vine Street 9th Floor
        Cincinnati, OH 45202
        P: (513) 721-1975 | Fax: (513) 651-2570
        *jallison@fmr.law*
        Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.

        /s/ Jon B. Allison

8